RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Maggie Loh,

                        Plaintiffs,

                -against-

SUSHIBYM2 LLC, Yu Ying Lin, as an individual,

                        Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**22-CV-8567**

Plaintiff Maggie Loh ("plaintiff"), by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants SUSHIBYM2 LLC, Yu Ying Lin, as an individual, jointly and severally (collectively referred herein as "Defendants") allege:

## NATURE OF THE ACTION

1. This action seeks to recover unpaid minimum wages, misappropriation of tips and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to pay minimum wage, misappropriating her earned tips and by failing to pay plaintiff for all hours worked.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the corporate defendants are located in the Southern District of New York and the cause of action arose there.

## THE PARTIES

**Plaintiff**

7. Defendants employed plaintiff Maggie Loh as a Waitress from on or about June 2019 through August 2002, with breaks in service when Plaintiff attended SUNY Stony Brook.

8. Plaintiff's duties were to wait on customers, perform dishwasher duties and accept payment from customers.

9. Defendants employed several days per week, sometimes for more than 40 hours per week.

10. Defendants paid plaintiff from $7.00 per hour per hour in 2019, which was below

the minimum wage.

11. Defendants also misappropriated Plaintiff's tips by paying same to dishwashers (after Defendants hired dishwashers) and, upon information and belief, other employees who are not entitled to receive tips.

12. Defendants did not account for the tips.

13. From the start of her employment through August 2021, Defendants did not employ a dishwasher and, as a result, Plaintiff spent approximately one-third to one-half of her shift washing dishes, which forfeits the tip credit.

14. At all times relevant to this action, Plaintiff was individually engaged in commerce or in the production of goods for commerce on behalf of defendants. Specifically, Plaintiff processed credit card transactions.

**Defendants**

15. Defendant SUSHIBYM2 LLC is a New York corporation with its principal executive office located at 300 East 5th Street, New York, New York, in the Southern District of New York.

16. Defendant SUSHIBYM2 LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including, fish, shrimps, rice, seaweed products and beverages, and (2) an annual gross volume of sales in excess of $500,000.

17. SUSHIBYM2 LLC is a covered employer within the meaning of the FLSA and the

NYLL and, at all times relevant, employed plaintiffs.

18. At all relevant times, SUSHIBYM2 LLC has maintained control, oversight, and direction over plaintiffs.

19. Defendant Yu Ying Lin is an owner and/or officer of SUSHIBYM2 LLC. He exercises sufficient control over both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records, and at all times material herein established and exercised authority regarding the pay practices at both corporation.

20. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

21. Defendants are covered by the Hospitality wage order.

## DEFENDANTS' FAILURE TO PAY MINIMUM WAGES

22. Defendants suffered or permitted plaintiff to work and did not compensate plaintiffs at the minimum wage required under New York State Law.

23. Defendants paid plaintiff the tip credited minimum wage, although Defendants were not entitled to take such a tip credit.

24. Defendants never provided Plaintiff with a notice concerning her tip credit under the FLSA or NYLL, which forfeits the tip credit.

25. More than 20% of Plaintiff's work was spent in non-tippable work because Plaintiff washed the dishes.

26. After Defendants hired dishwashers, Defendants also took Plaintiff's tips and used them to pay dishwashers, which forfeits the tip credit.

### DEFENDANTS' VIOLATIONS OF THE
### WAGE THEFT PREVENTION ACT

27. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

28. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

29. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

30. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wages)

31. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

32. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

33. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 *et seq.*

34. Defendants have failed to pay plaintiff minimum wages to which she is entitled under the FLSA.

35. Defendants forfeited the use of the tip credited minimum wage, for the reasons set forth herein.

36. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

37. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

38. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

39. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**(NYLL – Unpaid Minimum Wages)**

40. Plaintiff realleges, and incorporates by reference, all allegations in all preceding

paragraphs.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

42. At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

43. Defendants have failed to pay plaintiff the minimum wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

44. Through their knowing or intentional failure to pay minimum hourly wages to plaintiff, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

45. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants unpaid minimum wages and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notices)

46. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

47. Defendants have willfully failed to supply plaintiff with a wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

48. Through their knowing or intentional failure to provide plaintiff with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

49. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

50. Defendants have willfully failed to supply plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

51. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

52. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### FIFTH CAUSE OF ACTION
### (NYLL – Unlawful Retention of Tips)

53. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

54. Pursuant to the New York Labor law, defendants are required to pay all tips received by Plaintiff.

55. Plaintiff was required to turn over all tips to Defendants, whether cash or otherwise.

56. Defendants split the tips with Plaintiff on an *ad hoc* basis without any accounting for said tips, contrary to New York Labor Law.

57. Defendants also split the tips with dishwashers, who are not eligible for tips, contrary to New York Labor Law.

58. Defendants did not provide any notices to Plaintiff about the tips received, nor any accounting for the receipt or distribution of said tips.

59. Defendants' conduct violates the New York Labor Law because Defendants unlawfully retained tips meant for Plaintiff.

60. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the tips that were unlawfully deducted from Plaintiff's pay and/or not distributed to Plaintiff, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (NYSHRL)

61. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

62. Plaintiff is an "employee" of Defendants under the New York State Human Rights Law ("NYSHRL").

63. Defendants are each an "employer" under the NYSHRL.

64. Defendants subjected Plaintiff to hostile work environment sexual harassment.

65. A sushi Chef named "Tom," who worked for Defendants, repeatedly harassed Plaintiff on the basis of her gender.

66. In a locker area, where there were no cameras, he put his arm around Plaintiff's waist and said, "Hey Maggie" on at least 5 occasions.

67. On each occasion, Plaintiff yelled, "Don't touch me," or words to that effect.

68. Sushi Chef Tom also told Plaintiff, "You don't have to be scared of me; I won't do anything to hurt you."

69. Sushi Chef Tom also repeatedly sent harassing texts to Plaintiff stating, *inter alia:*

   a. Why are you so cute to me

   b. I miss you

   c. I want to buy you food

   d. You so cute I can do everything you want.

   e. I will always like you.

   f. Love you

   g. You so cute today.

   h. Why you so cute an beautiful

   i. I love you babe

   j. Love you so long

   k. I want you

   l. Goodnight my sweetheart.  I will never hurt you.

70. On June 26, 2022, Plaintiff texted Sushi Chef , "[l]et me know if you need anything, but otherwise don't text me," but he continued to text her, as set forth above, until at least August 5, 2022, when she texted, "go away."

71. Defendants knew of Sushi Chef Tom's sexual harassment because at least one other employee complained to the owners about it prior to the time he harassed Plaintiff.

72. Defendants did not investigate any claims of sexual harassment about Sushi Chef Tom.

73. Defendants did not have an employee handbook or sexual harassment policy.

74. Defendants did not have sexual harassment training for their employees.

75. Sushi Chef Tom's sexual harassment was not a petty slight or trivial inconvenience, and caused Plaintiff's termination.

76. Defendants are liable to Plaintiff for economic and non-economic damages under the NYSHRL for sexual harassment.

## SEVENTH CAUSE OF ACTION
## (NYCHRL)

77. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

78. Plaintiff is an "employee" of Defendants under the New York City Human Rights Law ("NYCHRL").

79. Defendants are each an "employer" under the NYCHRL.

80. Defendants subjected Plaintiff to hostile work environment sexual harassment, as set forth above.

81. Prior to filing this complaint, Plaintiff sent copies to the New York City Corporation Counsel and New York City Commission of Human Rights.

82. Defendants are liable to Plaintiff for economic and non-economic damages under

the NYCHRL for sexual harassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

    a.    Declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

    b.    declaring that defendants have violated the minimum wage provisions of the NYLL, and supporting regulations;

    c.    declaring that defendants have violated the Wage Theft Prevent Act;

    d.    declaring that defendants' violations of the FLSA were willful;

    e.    declaring that defendants' violations of the NYLL were willful;

    f.    awarding plaintiff damages for all unpaid wages;

    g.    awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

    h.    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

    i.    awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6 § 198;

    j.    issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

    k.    awarding plaintiff damages, including liquidated damages, for all unlawful

deductions and retention of tips under Article 6 of the Labor Law.

    l.   awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

    m.   granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

    n.   That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages, punitive damages, and counsel fees, for defendants' willful unlawful retaliation against the plaintiff, in violation of the New York State Human Rights Law;

    o.   That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, retirement benefits, stock options, vacation, personal, sick and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages, and punitive damages and counsel fees for defendants' willful unlawful sexual harassment against the plaintiff, in violation of the New York City Human Rights Law;

    p.   awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and the NYLL and the NYSHRL and NYCHRL;

    q.   awarding such other and further relief as the Court deems just and proper.

Dated:   Mineola, NY
         October 7, 2022

                                    RAYMOND NARDO, P.C.

By:   RAYMOND NARDO, ESQ.
       129 Third St
       Mineola, NY 11501
       (516) 248-2121
       Nardo@Raynardo.com
       *Counsel for Plaintiff*